UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

In Re:

YOSHIKO SAITO HAINES,

    Debtor.
_____

YOSHIKO SAITO HAINES,

    Appellant,

    v.

UNITED STATES OF AMERICA,
INTERNAL REVENUE SERVICE,

    Appellee.

CASE NO. C09-5423BHS

ORDER

This matter comes before the Court on Debtor's appeal of an order of the bankruptcy court (Dkt. 1-5). The Court has considered the pleadings filed in support of and in opposition to the appeal and the remainder of the file and hereby affirms the order of the bankruptcy court for the reasons stated herein.

## I. PROCEDURAL HISTORY

On March 31, 2008, Debtor Yoshiko Saito Haines filed a Voluntary Chapter 11 Petition. *In Re Haines*, Cause No. 08-41390, United Stated Bankruptcy Court, Western District of Washington, Dkt. 1. On April 1, 2008, the United States Trustee filed a Notice of Appearance as a Creditor. *Id.*, Dkt. 5.

On April 24, 2009, the United States filed a Motion to Dismiss Chapter 11 Bankruptcy. *Id.*, Dkt. 53.

ORDER - 1

On June 4, 2009, Debtor filed a Motion for United States to Disgorge Funds Taken by Illegal Trespass. *Id.*, Dkt. 66.

On June 19, 2009, the Honorable Paul B. Snyder, United States Bankruptcy Judge, entered an order denying Debtor's motion to disgorge funds and granting the United States' motion to dismiss the bankruptcy. *Id.*, Dkt. 69 ("Order").

On July 29, 2009, Debtor appealed the order dismissing her Chapter 11 bankruptcy case. Dkt. 1-5. On October 5, 2009, Appellant filed an opening brief. Dkt. 11. On November 4, 2009, Appellee responded. Dkt. 12. On November 18, 2009, Appellant replied. Dkt. 13.

## II. FACTUAL BACKGROUND

Debtor, despite earning significant taxable income, has failed to file individual income tax returns for the 1998 through 2007 tax years. *See, e.g.*, Dkt. 12, Exhibits 1-12 (Administrative Record ("AR")) at 85. Because Debtor failed to file tax returns, the Internal Revenue Service ("IRS") began audit examinations, and eventually prepared substitute tax returns for Debtor pursuant to Internal Revenue Code ("IRC"), 26 U.S.C. § 6020(b). AR at 85. The IRS's audit examinations established over $1.3 million in tax assessments, including penalties and interest. *Id.* at 88-130 (official IRS Certificates of Assessment ("Forms 4340") for the 1998 through 2007 tax years).

After the IRS assessed Debtor's taxes via the substitute returns (and Debtor ignored them), it set out to collect payment. For example, on August 31, 2005, the IRS sent Debtor a Notice of Intent to Levy. AR at 85. On September 15, 2005, the IRS recorded Notices of Federal Tax Liens against Debtor. *Id. See also* AR 488-90. On June 14, 2007, the IRS then instituted a monthly levy upon the Pension Benefit Guaranty Corporation because Debtor was awarded an interest in her ex-husband's fixed benefit pension plan. AR at 85.

1    **III. DISCUSSION**

**A.    Standard of Review**

Interpretation of the statutory language and mixed questions of law and fact are subject to de novo review. *Hall-Mark Elecs. Corp. v. Sims (In re Lee)*, 179 B.R. 149, 155 (9th Cir. BAP 1995), *aff'd*, 108 F.3d 239 (9th Cir. 1997). The bankruptcy court's findings of fact may be overturned if they are clearly erroneous. *Id*.

**B.    The Appeal**

A bankruptcy court may dismiss a case if the moving party "establishes cause." 11 U.S.C. § 1112(b)(1). Under the statute, "cause" includes "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation," *id*. § 1112(b)(4)(A); "failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief," *id*. § 1112(b)(4)(I); and "failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court," *id*. § 1112(b)(4)(J).

In this case, the bankruptcy court dismissed the bankruptcy petition for cause under 11 U.S.C. §§ 1112(b)(4)(A), 1112(b)(4)(I), and 1112(b)(4)(J). Order at 6-12. The court also dismissed the case under *In Re Marsch*, 36 F.3d 825, 828 (9th Cir. 1994), for lack of good faith in filing the petition. Order at 12-13. Debtor appeals each of these rulings and argues that (1) she has rehabilitated herself to a taxpayer from a tax defier and (2) a portion of the IRS's claim against her should be offset. *See, generally,* Dkts. 11 and 13. The Court finds Debtor's "rehabilitation" and "offset" arguments irrelevant to the issues on appeal. The Court now turns to the merits of the bankruptcy court's order.

**1.    § 1112(b)(4)(I)**

The bankruptcy court found that "the Debtor has not filed tax returns for the years 2007 and 2008, even though she received income in both years." Order at 6. The court also found that the Debtor's assertion that the tax returns would be filed in due course lacked credibility because the Debtor had "been in Chapter 11 bankruptcy for some 15

months and still has not filed the required tax returns." Order at 7. The court then found that the United States had established "that the Debtor has failed to timely file tax returns due after the date of the order of relief." Order at 7. The Court has reviewed the record and none of these findings are clearly erroneous. Before the case may be dismissed, however, Debtor had an opportunity to overcome the failure to file her tax returns.

Under § 1112(b), a debtor may avoid dismissal in certain cases if she meets certain excusable criteria such as "unusual circumstances" or "reasonable justification" for the failure to comply with the bankruptcy code. In this case, the bankruptcy court found that Debtor had failed to submit any fact that would establish an excusable reason for her failure to file her tax returns. Order at 8. The bankruptcy court then concluded that the "United States has established that dismissal is warranted." Order at 8. The Court agrees. Therefore, the Court affirms the bankruptcy court's dismissal of the case for cause under § 1112(b)(4)(I).

**2. § 1112(b)(4)(A) and (J)**

Cause to dismiss a petition may be based on "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation" or "failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court." 11 U.S.C. § 1112(b)(4)(A) and (J).

In this case, the bankruptcy court found that Debtor's estate was subject to continuing loss because the monthly financial statements showed "greater disbursements than receipts." Order at 12. The court also found that there was no liklihood of rehabilitation because Debtor owed more than $2 million to the IRS for failure to pay taxes for the last ten years. *Id*. at 10-11. With respect to the bankruptcy plan, the court found that, after 15 months in the bankruptcy proceeding, Debtor had "yet to file a disclosure statement and only this month filed a plan." *Id*. at 10. The Court has reviewed the record and none of these findings are clearly erroneous.

Based on these findings, the bankruptcy court concluded that the United States had established additional cause for dismissing Debtor's bankruptcy petition. Order at 12. The Court agrees. Therefore, the Court affirms the bankruptcy court's dismissal of the case for cause under § 1112(b)(4)(A) and (J).

### 3. **Lack of Good Faith**

The Ninth Circuit has recognized that a lack of good faith in filing a Chapter 11 petition is cause for dismissal of the petition. *In re Marsch*, 36 F.3d 825, 828 (9th Cir. 1994). "The test is whether a debtor is attempting to unreasonably deter and harass creditors or attempting to effect a speedy, efficient reorganization on a feasible basis." *Id*. (quoting *In re Arnold*, 806 F.2d 937, 939 (9th Cir. 1986)).

In this case, the bankruptcy court found as follows:

> The facts before this Court establish that the only possible reason for the Debtor to file this Chapter 11 was to avoid paying her outstanding federal tax obligation. Only two proofs of claim have been filed in this case, one by Capital One Bank for a mere $1,228.83, and the other by the Internal Revenue Service for approximately $2 million.
> Since filing bankruptcy in March 2008, the only actions taken by the Debtor in this case have been her numerous and duplicative efforts to invalidate the IRS claim and further delay paying taxes.
> Despite being in bankruptcy court for 15 months, the Debtor has not filed a disclosure statement and until this month, has not filed a plan. The plan, however, merely sets forth allegations and arguments already considered and rejected by this Court and the United States District Court in the debtor's adversary proceeding. The United States characterizes the debtor's arguments as typically tax defier arguments that no court has ever endorsed.
> Additionally, the Debtor has chosen to pursue this case and her litigation against the United States without the assistance of an attorney, even though she has the means to hire one. Thus, through protracted litigation and delayed payment, all of the debtor's actions have been at the expense of the primary creditor in this case, the United States.

Order at 13. The Court has reviewed the record and these findings are not clearly erroneous.

The bankruptcy court concluded that the "United States has established [that] the Debtor lacks good faith in filing of the Chapter 11 case." Order at 14. The Court agrees. Therefore, the Court affirms the bankruptcy court's dismissal of the case for lack of good faith.

### 4. Debtor's Motions

Debtor filed a motion to stay the bankruptcy pending the result of an appeal in a related adversarial matter and a motion to disgorge funds taken by illegal trespass. The Court has reviewed the motions and the record and finds that both motions are without merit. Therefore, the Court affirms the bankruptcy court's denial of both motions.

## IV. ORDER

Therefore, the bankruptcy court's Order of Dismissal is **AFFIRMED**.

DATED this 19th day of January, 2010.

BENJAMIN H. SETTLE
United States District Judge